IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALVA N. VARGAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:07-0737 |
| ) | Judge Trauger |
| DILLARD'S DEPARTMENT STORE , ) | Magistrate Judge Griffin |
| ) | |
| Defendant. ) | |

**O R D E R**

On April 21, 2008, the Magistrate Judge issued a Report and Recommendation (Docket No. 27), to which the plaintiff has filed objections (Docket No. 30), and the defendant has responded (Docket No. 34). Because the Report and Recommendation relates to a dispositive matter, this court must review *de novo* any portion of the Report and Recommendation to which a specific objection is made. Rule 72(b), FED. R. CIV. P.; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

The plaintiff's objection document (Docket No. 30) basically reiterates her earlier arguments made in response to the defendant's motion for summary judgment. She disputes some of the Magistrate Judge's legal conclusions by citing to other caselaw or EEOC guidance documents, but her authority is not controlling, not applicable, or not persuasive to this court. The Magistrate Judge went above and beyond in analyzing the entire evidentiary record of this case on behalf of a *pro se* litigant who did not comply with the FEDERAL RULES OF CIVIL PROCEDURE or this court's Local Rules in responding to the defendant's motion for summary judgment. The Magistrate Judge's careful, detailed analysis was both fair to the plaintiff and

1

legally correct.

The plaintiff has submitted along with her objection document an unsworn letter from a co-worker, Joshua L. Schaub. (Docket No. 31) Although it is inappropriate for the plaintiff to submit this evidence at this stage of the proceedings, the court has reviewed this letter and finds that it fully substantiates the Magistrate Judge's conclusion that, although the plaintiff did suffer harassment by co-workers at Dillard's, this harassment cannot be characterized as sexual harassment, nor was it pervasive enough to justify granting her relief in a Title VII case. Instead, the harassment apparently had at its root, according to Mr. Schaub, the opinion by co-workers that Ms. Vargas "was crazy." (Docket No. 31) Although cruel, such harassment, as the Magistrate Judge exhaustively detailed in the Report and Recommendation, does not give rise to a claim for sexual harassment.

For the reasons expressed herein, the Report and Recommendation (Docket No. 27) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, it is hereby **ORDERED** that the defendant's Motion For Summary Judgment (Docket No. 13) is **GRANTED** and this case is **DISMISSED**.

It is so **ORDERED.**

Enter this 30th day of May 2008.

 ALETA A. TRAUGER
 U.S. District Judge

2

Case 3:07-cv-00737   Document 35   Filed 05/30/08   Page 2 of 2 PageID #: 485